IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH E. WHITLOCK, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action |
| v. | : | |
| | : | No. 24-1361 |
| THE UNITED STATES OF AMERICA | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

**MEMORANDUM**

J. Younge                                                                                                    August 12, 2024

**I.      INTRODUCTION**

Currently before this Court is Defendant's Motion to Transfer Venue. (ECF No. 12.)[1] The Court finds this Motion appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7.1(f). For the reasons set forth in this Memorandum, this Motion is Granted, and this matter shall be transferred to the Eastern District of Virginia.

**II.     FACTUAL BACKGROUND**

Plaintiff Joseph Whitlock is a retired Army officer and resident of the Commonwealth of Virginia. (Am. Compl. ¶ 6, ECF No. 7.) He was the subject of a domestic violence investigation starting in December 2019 and ultimately had charges brought against him by the Criminal Investigative Division of the United States Army. (Am. Compl. ¶ 10; Motion to Transfer Venue, ECF No. 12, p. 4.) Plaintiff argues that there was not sufficient evidence to pursue this investigation. (Am. Compl. ¶ 10.) He was eventually "titled" as a result of this investigation, meaning that his identifying information was listed in the title and subject block of a criminal

---

[1] When applicable, the Court adopts the pagination supplied by the CM/ECF docketing system, which does not always match the document's internal pagination.

1

investigative report associated with the investigation. (Am. Compl. ¶¶ 20, 56-60.) Following an Article 32 Hearing under the Uniform Code of Military Justice on six charges stemming from the investigation, it was recommended that four of those six charges be dismissed for lack of probable cause. (Am. Compl. ¶¶ 31, 33-34.) The remaining two charges were later dismissed because Plaintiff's commander elected to pursue an administrative, rather than criminal, action. (Am. Compl ¶¶ 35-36; Defendant's Motion, p. 5.) The case was detailed in an Army Times article on June 11, 2020. (Am. Compl. ¶ 73.) Plaintiff has had significant difficulty finding work since. (Am. Compl. ¶¶ 49-54.)

After Plaintiff requested that his name be removed from the title and subject block of report, the Army Board of Correction for Military Records initially recommended that it be removed. (Am. Compl. ¶¶ 43, 46.) However, the Deputy Assistant of the Army (Review Boards) overruled that decision, finding that, because the justification provided for the recommendation of removal – recanted statements – related to only one of the remaining offenses, "probable cause still exists that the applicant was involved in the misconduct leading to his titling." (Am. Compl. ¶¶ 45-47.)

Plaintiff filed his original Complaint on April 2, 2024, alleging that the failure to remove his name from the title of the criminal investigative report violated the National Defense Authorization Act for Fiscal Year 2021 § 545, Department of Defense Instruction 5505.07, Army Regulation 195-2, and the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*. and caused significant reputational injury. (ECF No. 1.) Following Defendant's filing of a Motion to Dismiss for Failure to State a Claim, Plaintiff filed an Amended Complaint on June 25, 2024 that removed the causes of action under the Federal Tort Claims Act and instead alleged that the dissemination of Plaintiff's personal information and the facts of the case to the Army Times

violated the Privacy Act, 5 U.S.C. § 552a.  (ECF No. 7.)  Defendant filed the instant Motion to Transfer Venue on July 25, 2024, arguing that venue is improper in this district and that this case should be transferred to the Eastern District of Virginia, where the operative facts occurred and the majority of potential evidence and witnesses are located.  (ECF No. 12.)

**III.  DISCUSSION**

Federal Rule of Civil Procedure 12(b)(3) provides defendants an avenue to challenge whether venue was proper in an action.  Fed. R. Civ. P. 12(b)(3).  In an action where the defendant is the United States, venue is proper in any judicial district in which "(A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred . . . or (C) the plaintiff resides if no real property is involved in the action."  28 U.S.C. § 1391(e)(1).  If venue is improper, the court may dismiss the action or transfer the case to a district in which it could properly be brought.  28 U.S.C. § 1406(a).  Venue-related allegations in the complaint must be accepted as true unless directly contradicted by a defendant's affidavits.  *Bockman v. First Am. Marketing Corp.*, 459 F. App'x 157, 158 n.1 (3d Cir. 2012).

Here, none of the conditions for venue in the Eastern District of Pennsylvania are present.  Plaintiff is a resident of the Commonwealth of Virginia, not of Pennsylvania.  (Am. Compl. ¶ 6, ECF No. 7.)  Additionally, the Department of Defense and the Department of the Army are both located in Arlington, Virginia, and the alleged wrongdoings occurred either in Virginia or Washington D.C.  (Am. Compl.)  There were no factual allegations involving the Eastern District of Pennsylvania and no real property involved in the action.  As such, the Court finds that the Eastern District of Pennsylvania is an improper venue for this case.  For the same reasons, it also finds that Plaintiff's factual allegations support transferring this case to the Eastern District of Virginia.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Transfer Venue is Granted, and this matter shall be transferred to the Eastern District of Virginia.

An appropriate Order follows.

**IT IS SO ORDERED.**

                                        BY THE COURT:

                                        /s/ John Milton Younge
                                        **Judge John Milton Younge**